UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL KUMMER, ) | |
|     Plaintiff, ) | |
| ) | Case No. 13 cv 5313 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ILLINOIS CENTRAL RAILROAD COMPANY, ) | |
| an Illinois corporation, ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Kummer ("Kummer") filed his First Amended Complaint against Defendant Illinois Central Railroad Company ("IC"), alleging discrimination, retaliation, and interference in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Family and Medical Leave Act of 1993 ("FMLA").

**BACKGROUND**

The following facts are taken from the complaint and are assumed to be true for purposes of this motion. The complaint arises out of Kummer's former employment as Rail Operations Coordinator with IC, a wholly-owned subsidiary of Grand Truck Corporation ("GTC"), which in turn is a wholly-owned subsidiary of Canadian National Railway Company ("CN"). Kummer alleges that IC violated the ADA and the FMLA when IC refused Kummer's request for an accommodation of working a day shift due to his medical condition. Kummer resigned from his position at IC on May 30, 2012, after a series of communications with his supervisors at IC. However, Kummer alleges that IC constructively discharged him when supervisors stated that they were "holding him out of service" and that Kummer was not to come on CN property, and by doing so, he would be trespassing.

Following his departure from IC, on October 11, 2012, Kummer filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against CN, naming CN as his employer. During the EEOC investigation, Duane Spears, Senior Human Resources Manager at CN, submitted to the EEOC a "Position Statement" on CN letterhead disputing Kummer's allegations. The "Position Statement" indicated that Spears was submitting it on

1

behalf of IC. The letter also contained a footnote that stated, "… Kummer's employer and the proper Respondent in this matter is Illinois Central Railroad Company."

On April 25, 2013, the EEOC issued a "Dismissal and Right to Sue" letter to Kummer. On July 24, 2013, Kummer filed his original complaint in this action, naming GTC and CN as co-defendants. On August 29, 2014, GTC and CN sent a letter to Kummer, advising him that he named the wrong companies in his complaint, noting that Kummer was an employee of their subsidiary, IC.

Kummer filed an amended complaint on January 21, 2014, moving to dismiss GTC and CN from the complaint and substituting IC as the defendant. IC moves to dismiss Counts I and II of Kummer's amended complaint, arguing that Kummer's amended complaint naming the proper defendant was not filed within 90 days of receiving the "Right to Sue" letter.

**LEGAL STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain factual allegations to state a claim of relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011); quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir.2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.2008)). When ruling on a motion to dismiss, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**DISCUSSION**

IC argues in its motion to dismiss that Kummer's First Amended Complaint is time-barred and does not relate back to the filing of his original complaint. The ADA requires a plaintiff to file suit within 90 days of receiving his "Right to Sue" letter from the EEOC. See 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1).

Rule 15(c) governs when an amended complaint relates back to the date of filing of the original complaint. IC does not dispute that the claim arose out of the conduct, transaction or

occurrence set out in the original complaint, as required by Rule 15(c)(1)(B). Rule 15(c)(1) provides, in relevant part, that amended pleadings may relate back when:

> "[T]he amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within [120 days as] provided by Rule 4(m) …, the party to be brought in by amendment (1) received notice of the action so that it will not be prejudiced in defending on the merits; and (2) knew or should have known the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

The Supreme Court has held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Croceire*, S.p.A., 560 U.S. 538, 541 (2010). Whether a plaintiff knows that the correct defendant exists does not preclude a court from finding the plaintiff was mistaken in naming the initial, incorrect defendant because the plaintiff may misunderstand the status or role of the prospective defendant in the claims at issue.

Following *Krupski*, the Seventh Circuit concluded that, in deciding whether an amended complaint relates back to the date of the original complaint, only two inquiries should be made: "first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead of or in addition to suing the named defendant;" and second whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Joseph v. Elan Motorsports Techs. Racing Corp*., 638 F.3d 555, 559-60 (7th Cir. 2011).

Taking the facts alleged in Kummer's amended complaint as true, IC knew or should have known that it was the proper defendant in this matter from the time Kummer filed his EEOC charge of discrimination because the identities of both IC and CN were indistinguishable. IC is a subsidiary of CN, and the IC employees to whom Kummer directly reported had email addresses with "cn.com." Further, the medical forms that Kummer used to report his medical conditions and the employee handbook that was submitted with CN's position statement to the EEOC bore a "CN" logo. CN's anti-harassment policy states that it applies to employees of various companies, including IC, and that each company "operates as CN." Duane Spears, Senior Human Resources Manager for CN, was the "designated representative" responsible for handling Kummer's EEOC Charge, and he submitted the position statement on behalf of

3

respondent IC. Spears also submitted "Illinois Central Railroad's Response to EEOC'S Request for Information."

CN also has a regional operation center where Kummer worked until his separation from employment. It is clear to this Court that, throughout the duration of the EEOC's resolution of Kummer's charge of discrimination, CN and IC combined their corporate identity, while attempting to advise Kummer that he was suing the wrong entity. This is precisely the type of "mistake" that Rule 15(c) anticipates. See *Krupski*, 130 U.S. at 556 (finding that the plaintiff "conflated" two possible defendants because she erred in her understanding of their roles in the case and in relation to one another, and therefore, the plaintiff satisfied the mistake requirement); and *Joseph*, 638 F.3d at 550 (concluding that the defendant to be added, Elan Inc., knew the plaintiff meant to sue it rather than Elan Corp., because the plaintiff meant to sue his employer and because the two corporations are "pieces of a dizzying array of corporate entities all of which…are managed out of the same office.")

IC has not, and cannot, argue that it will be prejudiced and that its ability to defend itself will be impaired if required to defend against Kummer's ADA employment discrimination and retaliation claims. In fact, IC, through a representative from CN, has already preliminarily defended against Kummer's claims at the administrative level, and Kummer's allegations have not changed. This Court also notes that IC also has not cited any published decisions in support of its arguments and the unpublished decisions IC cites are distinguishable from the case at hand.

Therefore, although Kummer did not file his amended complaint against IC until after the 90-day filing period expired, his amended complaint relates back to the date he filed his original complaint, July 25, 2013.

**Conclusion**

For these reasons, the Court denies IC's motion to dismiss with prejudice Kummer's amended complaint.

IT IS SO ORDERED.

_____
Date: October 27, 2014

_____
Sharon Johnson Coleman
United States District Judge